

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00134-CR

---

MIRANDA GAYLE SMITH AKA MIRANDA GAYLE KEEVER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5525, Honorable Stuart Messer, Presiding

---

February 2, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Miranda Gayle Smith, a/k/a Miranda Gayle Keever, appeals from the trial court's judgment revoking her community supervision, adjudicating her guilty of possessing a controlled substance with the intent to deliver, and assessing a twelve-year prison sentence. She challenges the judgment through two issues, arguing 1) the evidence is insufficient to support the decision to revoke and 2) the sentence imposed is cruel and unusual. We affirm.

### Issue One

Reading the first issue and the record brings to mind the lyrics "[i]t rained all night the day I left, the weather it was dry; [t]he sun so hot, I froze to death, Susanna, don't you cry."[1]

Appellant argues that insufficient evidence supports the trial court's decision granting the motion to revoke and adjudicating guilt. This is purportedly so because the reporter's record illustrates that trial court relied on her pleas of true to the accusations in the motion when she actually pleaded "not true." The State responds by arguing that the reporter's record is wrong. Though it shows she pleaded "not true," she actually pleaded "true." Confusion is added when one sees that elsewhere in the record appellant acknowledged that she had not ingested controlled substances except for the two occasions to which "you have ***pled true*** to today." (Emphasis added). So too does one find in the record the trial court saying, when announcing its decision, that 1) "on each of the allegations [in the State's motion] . . . each of those are true based upon the defendant's plea" and 2) "[i]t is that you have come forward ***and pled true*** . . . ."[2] (Emphasis added). Thus springs our reference to "Oh! Susanna," its inherent contradictions, and those found in the reporter's record.

Irrespective of whether that record accurately memorializes appellant's plea as true, it nonetheless contains evidence supporting the trial court's decision to find one or more of the allegations true and grant the State's motion. That evidence includes

---

[1] "Oh! Susanna," Stephen F. Foster.

[2] The judgment adjudicating guilt also reflects that appellant pleaded "true" to the State's motion to adjudicate.

testimony by the probation officer about appellant ingesting methamphetamine in 2020 after receiving community supervision.  So too did appellant implicitly acknowledge (as shown above) that she ingested illegal substances at least twice.  One of the conditions to remaining on probation obligated her to abstain from such substances.

Other evidence, to which appellant admitted, illustrated that she associated with a felon while on community supervision.  This contravened the directive to avoid persons of harmful or disreputable character, including those previously convicted of a crime.

Appellant acknowledging that she engaged in the foregoing activity precludes us from holding that no evidence supported the trial court's decision to revoke probation, adjudicate guilt, and pronounce sentence.  Indeed, evidence illustrating the violation of any one condition named in the motion provides basis to adjudicate guilt, *Johnson v. State*, No. 07-22-00344-CR, 2023 Tex. App. LEXIS 5128, at *6 (Tex. App.—Amarillo July 7, 2023, no pet.) (mem. op., not designated for publication), and such evidence exists. So, we overrule issue one.

### *Issue Two*

Next, appellant contends her twelve-year sentence was cruel and unusual.  Yet, the record fails to illustrate that she urged this complaint when sentenced or thereafter through a motion for new trial.  Having so failed, the matter was not preserved for review. *Rucker v. State*, No. 07-20-00128-CR, 2021 Tex. App. LEXIS 7024, at *10 (Tex. App.—Amarillo Aug. 25, 2021, pet. ref'd) (mem. op. not designated for publication) (so holding). Accordingly, we overrule the issue.

3

Having overruled each issue, we affirm the judgment of the trial court.


                                                    Brian Quinn
                                                    Chief Justice


Do not publish.